The Honorable the judges of the United States Court of Appeals for the Fourth term of consolidated appeals involving Moke America LLC and Moke International Limited. Mr. Mindy? Yes, Your Honor. Good to have you with us, sir. Thank you very much. May it please the court, my name is Craig Mindy from the Frost Zelnick firm, which together with Hunt and Andrews Kurth represents appellants Moke International and Moke USA. The applicants in the underlying trademark opposition proceeding in this case, Robin Kennedy of Moke International is here as well. This case is simpler than it may seem. Both the applicants, our clients and opposers, the appellee, claim rights in the trademark Moke for vehicles. They both agree that Moke is a valid trademark, that the first to use it owns it, that they can't both own it since that would cause consumer confusion. Our clients, the applicants first used the Moke mark in commerce on August 10, 2015. That's stipulated and that's more than a year before the opposer even existed. The opposer tried to claim that it acquired prior trademark rights, common law trademark rights from a company called Mini Mania that sold spare car parts and accessories for various vehicles. But the district court made findings of fact that Mini Mania's use of Moke, quote, did not amount to trademark use, unquote, that Mini Mania had not acquired common law trademark rights in the Moke mark and that by extension, opposer failed to establish its priority of use. That's the district court's May 3, 2023 opinion, JA1115-16. On this appeal, opposer does not challenge those findings as being clearly erroneous. But those findings, help me understand, because the court seems to maybe premise those on it being a descriptive mark and then in its subsequent order, which effectively vacates the prior order, it says, if I found this to be a distinctive mark, I'd have to start over, right? I mean, or begin again, I don't remember exactly the phrase it uses, but the judge seems to acknowledge that if he's wrong about it being descriptive slash generic, that his prior findings were based on that. And so it seemed, I mean, I just want to get your take on this. If I accepted everything you got up to the last part, that maybe there was an error with respect to it being generic or even being described as descriptive, that the court itself sort of told us it would have to take another whack at it. Help me understand, if I got there, I know I'm beginning with the end, but why we would sort of assume that the district court's own statement that he needed to start over wasn't something we should rely on? Thank you, Your Honor. What's interesting in this case is that- He wrote another opinion in May. You're talking about the March opinion. No, no, no, Your Honor. I'm talking about the May opinion. He says that in the May opinion, if you look at JA 1115 through 16- Oh, the early part of that opinion. Yep. What's interesting, Your Honor, Your Honors, is that the judge clearly, he raised the genericness issue for the first time, sui sponte, after the trial- He raised it himself. He didn't accept your stipulation. Correct. The judge raised it himself. He raised the generic issue. You all, both sides are arguing that the judge was wrong. Correct. That's what we got here. Yep. And who's arguing that the judge was right? No one is arguing that the judge was right on that issue. Nobody's arguing that the judge was right.  This is a very strange- Strange case. If nobody's- It's not the adversary's system. That's- We've abandoned the adversary's system in this thing. That's the point we're making. Does that happen in these trademark cases a lot? We've never seen- You've abandoned the adversary's system? I apologize. My firm only does trademark and copyright cases.  I've never seen this happen, to answer your question. I've seen it happen a few times. We have had situations where we appointed amicus lawyers or parties to represent the other side so we get an adversary situation. We didn't do that here. We haven't done that here yet. Maybe that's something we ought to consider. Your Honor, respectfully- I think everybody should be arguing that Judge- To be fair to Judge Novak. Judge Novak got it right. Because you both sides here today are going to argue that Judge Novak is wrong. Thank you. I want to return to Judge Richardson's question, but let me first answer your question. Let me first answer your question. You're not necessarily running things here. Do you tell me- I'm still the presiding judge. That's why I'm answering your question first. Maybe I'm going to take up for Judge Novak. The short answer is that the evidence and the record, it's not just the parties. Both parties, this is a seven year litigation. It was first in the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office. Then it was in the District Court. In seven years, neither party ever argued or even, as you're saying, raised the issue- Why would the judge be stuck with what you argued? Why would he be stuck with what you stipulated too? He has to decide the case correctly on the law. Based on the facts. He's decided that this stuff is generic. That thing looks like a- I played a lot of golf in my time. They look kind of like a supersized golf cart. The original- One of the parties says it makes golf carts. Correct. That's what I was about to say. Yes, they're open air vehicles. The technical term- Electric most of them. Some of them are gasoline. The technical term is personal transport vehicles or PVTs. I've ridden around a lot of them. Other parties make them. We have in our papers- Tom Berlin is one of the companies. Yamaha makes similar vehicles. That's recognized like SUVs. There are different labels on SUVs. Right. What's interesting- GMC makes them. Toyota makes them. Correct. Nissan makes them. They're running up and down the highway. An SUV is a generic term for that type of vehicle. It is? You agree with that? SUV would be a generic term. Yes. And a pickup truck would be- And Judge Novak ruled that moke is a generic term. The judge did rule that way. And that's the legal ruling that's before this court. Yes. And both of the parties are saying Judge Novak is wrong. And nobody is supporting him. Judge Novak is incorrect. Both as a matter of fact and as a matter of law. Because you all stipulate that he's wrong. Not merely because we stipulate. There is- We mention in our briefs the party presentation principle or the Supreme Court. What about the adversary system turned upside down? I don't know. This hasn't happened but once every few years. I mean I've been around here a long time. And I have had these amicus people. And I've seen the Supreme Court do it a few times. I've read about them doing it a few times. I've seen them. But they've had a point. Amicus where they get anybody that's taken the other side. Thank you, Your Honor. The two answers to your question. Number one, the facts and the record do not support. Finding genericness is a big deal. The Booking.com case- You don't think there's enough evidence to support his ruling? There's not, Your Honor. Is that what you're saying? That is what I'm saying. So what do you want us to do? Reverse and remand? No, we don't believe that remand is necessary because- You just want us to reverse. Reverse and- And do what? It turns on the priority rule in our client's favor that the- You want us to reverse and rule in your favor against the other side? Correct. Okay. But- If- That'd be a strange way to do it. They want us to reverse and rule on their favor against you. And they want to- Yeah. That is true. Um- So can you go back to the question of- I get that you both want different things. And what I'm trying to understand from your perspective is- You know, the court in the- May the 3rd order on page 18 says- If the moat mark proves inherently distinctive- Then the court's analysis of all six claims must restart- And so if- We were to determine that the marks are distinctive and not- Descriptive slash generic- Correct. It seems like Judge Novak is telling us- That he would have to restart. And you want to point to earlier findings, I understand. But it seems like he's telling us what would have to happen if that result issued.  Where between pages JA 1122 and 1126- The court makes a series of findings of fact that are part of his decision. Your answer to Judge Richardson needs to be yes- Because he's quoting to you from page 1120- Which is page 18 of the opinion. Yeah, yes. The judge explains in the opinion that- Your question relates to 1122. Just to keep you on track. Somebody's got to keep you on track. Nobody's arguing in favor of the judge here. In 1122 to 1126, that's the judge's findings of fact. So that's the findings of fact. That you didn't start with. Excuse me? No, go ahead. But that's premised on finding the mark to be descriptive slash generic. Right? What he's saying is if it was distinctive, I'd have to do a different analysis. If it's descriptive, this is my descriptive slash generic, which is where he ends up. The judge felt that way, but at the end of the day he found facts. What's very interesting in this case is that- Right, but when the judge tells us that, it's odd for us to say- He's saying there's a premise here. And if my premise is wrong, I've got to restart. I guess I don't understand why I wouldn't take the judge at his word. Because, your honor, respectfully, there is nothing- The reason we don't think this case should be remanded is there's nothing left to try. There was one witness at the trial, which was Don Racine, who was the principal of Mini Mania, this alleged predecessor in interest. That testimony of Mr. Racine made up, number one, the entire case of the opposer, trying to show that it established you somehow. And number two, it establishes, if you read it, that is the basis for all of the judge's findings on 1122 through 1126. So this court can read that record. It's a very short record, in fact. So you just want us to do it as an initial matter? We should just reach the result, instead of restarting with the trial judge, we should just do it as an initial matter and say that we can only read Racine's testimony to reach the result that you like? No, your honor, it's a question of fact findings. The judge found as a matter of fact, separate from what he found on genericness, which we say should be wiped, both parties say should be wiped aside, if you leave aside the genericness issue, in this decision, the judge's final decision, he finds, as a matter of fact, that Mini Mania, their activity, quote, did not amount to trademark use. That's his finding. He finds on pages 1122 through 1126 that Mini Mania was only an automotive parts reseller. What's interesting, he finds also that Mini Mania... But just tell me, I understand why... Do you really think that that's not premised on his ultimate conclusion that this is descriptive and generic? I mean, I understand what you're saying and I can read the words too, but he tells us that it would be different if it's distinctive and then it seems absolutely consistent with his view that this is a descriptive and generic mark that it wasn't being used as a mark. I don't see how those are distinct and that if I was looking at it, and maybe you're right, maybe I can go look at Racines and I can make my own factual findings. We don't often do that, but we could. But I don't understand how I could assume that the judge would have reached the same result if it's distinctive. I understand. Without having a pretty big assumption there that, oh, by the way, he told us that he would not have made. He said he'd have to start over if it was distinctive. Respectfully, Your Honor, you don't have to worry about that because the judge made these constituent findings. Before making that final ultimate finding, the judge made a number of findings that were almost verbatim from the witness because what happened at the trial is the judge basically took over the cross-examination and so the witness basically admitted over and over again that all he was was a spare parts reseller. He sold different parts for different cars. This was one of them. But that mattered for the judge because the judge thought that this was a generic descriptive mark. But if it's not a generic and descriptive mark, that changes. Being a distributor of a distinctive mark can still get you use of that mark. Actually, Your Honor, being a non-exclusive distributor cannot. And one of the findings was so the distributor-manufacturer rule involves exclusive distributors and one of the judge's findings is finding number I think 14 was That is true with respect to the manufacturer. So it is true with a manufacturer-distributor but here everybody agrees that if BMC was still making Mokes that BMC would have the trademark, right? Correct. I mean, that's obvious. I mean, I think obviously true. Yes. The question is once BMC abandons it which it does in and around 93 Correct. Who next picks it up? So there's not a the distributor-manufacturer cases that you point to apply when there's an existing manufacturer but that manufacturer is gone. And so now the question is not as between the distributor and the manufacturer it's as between a distributor that is an auto parts company and your client who shows up later and wants to do something. I don't know whether they used it or not, right? That seems like a hard question. But the judge's findings seem premised on the idea that a distributor couldn't have it at all. And that seems to be the fundamental error. Respectfully, at the trial you'll see the judge saying the same things. He asks the question. He says, so you're just a middleman, right? And Mr. Racine says, yes, I'm just a middleman. So the judge is and this is at the trial no one ever mentioned genericness. That wasn't even a thought. And descriptiveness was not mentioned till the 11th hour which is I think the judge's own phrase about that. So when the judge Because he was thinking about I mean, why wouldn't I assume he's thinking about it as being a descriptive generic mark? Because that was just never mentioned at that point while the testimony was being taken, Your Honor. And furthermore, the facts are the facts. It's just the case that someone who as Mr. Racine admitted and as the judge found over and over again while he changed his mind on a lot of things as to generic, descriptive and so forth the one thing that the judge was very consistent on was that Racine was just a middleman just a person who bought parts from someone sold them at retail and retailers as a matter of law this is me speaking do not become trademark owners. What's the basis for that? You can go to the definition of trademark in the Lanham Act it's any word, name, symbol device or combination I have the red light is it okay if I continue? I understand Okay Do you have any other sort I can read the definition I got that Is there any case that is said that someone that distributes a product of a now defunct manufacturer cannot acquire the trademark? No, your honor and that's where the judge got it wrong in his generics determination someone can acquire the trademark but they have to make trademark use in the MicroStrategy versus Motorola case this court in 2001 said using a term on or in connection with goods does not give you trademark rights unless the term is used to identify and distinguish the owner's goods from those of others the owner's goods does not refer to some retailer who happens to sell a bunch of different parts for a bunch of different cars Why don't we see what Mr. Williams has to say Thank you, your honor Who do you represent Mr. Williams? Moke International? Yeah, so Good morning, your honors My name is Ryan Williams and I represent the plaintiff appellee cross-appellant Moke America Moke and your honors it is truly an honor to be here may it please the court your honors so to address this issue at the onset in terms of these findings of facts to which counsel is referring the way that this went your honors is that at trial there was evidence presented as to use and I want to be clear about this there has never been a stipulation between the parties as to the categorization of this patent or I'm sorry of this trademark where it falls  of trademarks instead what occurred is that at trial the defendants for the first time in an effort to defeat Moke America's claims made arguments that this trademark is descriptive the district court Judge Novak he accepted those arguments he accepted that the mark is descriptive based upon arguments raised for the first time by the defendants at the district court level and so if a mark is descriptive what it requires then is a showing of secondary meaning i.e. that that mark is associated with a single source Judge Novak then gave the defendants multiple opportunities I believe in his order he describes it as he thrice gave them opportunities not only to present evidence of secondary meaning based on this finding that the mark is descriptive he gave them three opportunities not only to present evidence of secondary meaning but also to go and do discovery on the issue of secondary meaning in an effort to attempt to acquire evidence sufficient to establish secondary meaning and I would note for your honors that notwithstanding that this argument wasn't raised until the 11th hour for the first time at trial we weren't afforded that same opportunity to go and attempt to get evidence or go to into discovery on the issue of secondary meaning so the entirety of the initial ruling made by the court which was of course superseded by this genericness order the May 3rd order it was all built on the premise that the mark was descriptive and therefore required a showing of secondary meaning was it raised I'm sorry that's what you called the initial order correct your honor the descriptive order correct and then the generic order of May 3rd that is correct your honor of May 3rd yes and so which one was it that you weren't given an opportunity to deal with well in the you said you didn't get an opportunity to do something so in the initial order where he made the finding of descriptive the initial order yes of what was that mark I believe so and I apologize the May order is the generic order and that's one genericness order yes correct these appeals these appeals correct well it's the three appeals I think but anyway correct ok it's your position what so it's our position your honor that those initial that initial order that dealt with descriptiveness that that has nothing so number one it was superseded your honor by the subsequent order where the court expressly found it's superseded by the May order correct which says it's generic that's correct that's what judge Novak's ruling is that's pending here is that Moch is generic that is correct and do you agree with that or disagree with that we disagree with that your honor ok and then judge Groves and you were saying part of your concern is you unlike your opponent wasn't weren't given the opportunity to present evidence before the court's ruling in May well so so correct your honor so it was this issue of descriptiveness that the mark is descriptive which is a specific categorization of the mark that was first raised by the defendants at trial in order to defeat our use our client's use so can you tell me when that is so I thought the first time that your opponent described it as descriptive was in the closing arguments at 592 the district judge says it's descriptive and your colleague says that's correct I didn't find anything else and that seems like a that might have been a misstatement in the course of a closing argument nobody at that point described in the papers it being descriptive nobody argued it was descriptive the judge raises it being descriptive and your colleague agrees but that's the point that's when you say they claimed it was descriptive that's what you're pointing to well in part your honor and as part of this as well your honor I think that the arguments that were made and the implications that come from those arguments lean toward an argument that the mark was descriptive and in fact that's exactly what judge Novak found he said that the arguments made by the defendants before the district court not only do we have this quote where he says so you're saying it's being that it's a descriptive mark and the answer is correct but in addition to that the suggestion behind the questions that were being asked and the implication of those questions suggested that the argument was that it is a descriptive mark and what judge Novak said about it is they argued the defendants at the district court level argued that it was a descriptive mark albeit implicitly in order to defeat the claims brought by Moch America. Can I ask a slightly different question? Do you agree if BMC continued to exist and make vehicles today that they would have priority and control of the trademark? I do. I thought so. That wasn't the question. I thought it was my apology. Your position is that it was then abandoned or giving up around 93? That is correct. What I'm curious about and haven't seen are there any cases or discussions about what happens in that context where you have an abandoned mark and then your company comes in and what seems to make this unusual is that they are using the mark but they were using it to identify BMC's product. They weren't manufacturing it which is not a problem. You can obviously have a trademark but they are using it to describe the source being a now defunct entity. Is that an issue that comes up? That seems to have created the confusion because your opponent says you have to make this extra showing but they want to make an extra showing. Judge Novak interprets that as being a descriptive idea which intuitively makes sense. I'm not sure it's accurate in a trademark sense but I am looking for have you seen any cases or discussion about this idea of what happens when an abandoned trademark starts being used to point back to the abandoned entity. As I stand here now I disagree that this mark was abandoned and was available for trademark use as of at least 1993 when BMC stopped using the mark in the United States that the mark is then available for trademark use. And so at that point merely what we look at is who was the first to use the mark in commerce and when we look at what the standards are for using a mark in commerce we look at is it prominently displayed is it does it have its own typeset does it have distinct typeset is it placed in such a manner that it is prominent such that a user would see that mark and say this is the source and so when that mark was abandoned which all parties agree it was and it was available as of at least 1993 in 2008 what you see is mini mania creates a website and on that website they are selling moke products moke branded products and moke car kits that literally allow you to make a full moke vehicle on that website we see prominently displayed at the top but this is you're not actually asking us to make these factual findings let me rephrase it again one possible resolution of this is for us not to make these factual findings to not pull up the website to not go read the transcript ourselves but instead to send it back to a fact finder who actually does this kind of work that being judge Novak so your honor your point at the onset that you made about the statement in judge Novak's this is his May 3rd opinion and this is found on page 18 of that May 3rd opinion the point that you made about the suit's posture at bottom is the following if the MoC Mark proves inherently distinctive which we contend it is i.e. fanciful to the it seems that what judge Novak is suggesting that the remand would be one for a determination now having properly categorized the mark as inherently distinctive a determination as to whether the use is use in commerce sufficient to create trademark he sounded generic that's exactly right your honor he says that it's generic well then we well you said you were talking about inherently distinctive he found that the use of this mark has never been considered when the mark is properly classified as inherently distinctive we're just talking about the remedy if we find that it's with the caveat your honor that there is a further statement in which I'm sorry it's on page 29 we have to reverse judge nova that's correct your honor that's the and so the only reason why we are employing great caution with this is that he made a legal finding that by employing the mark did not use it as a trademark but instead as a generic term synonymous with a style of vehicle produced by different companies in a prior era and so what we want to be careful of is that there is a finding that the use of the mark didn't constitute trademark use that we are showing this honorable court that the use by Mocha America absolutely constituted trademark use when properly applying trademark law and the premise of that statement is using it as a generic term if it is not a generic term but once we if we were to decide that it's inherently distinctive the question would then be back to is the employing of the mark a use of the mark in commerce as defined by statute correct your honor I would agree with your your  that your      up a little for the law instead of basically in common with the use in the um georgian company case this this court in 2009 explains that in quoting the leading trademark treatise says once held abandoned a mark falls into the generic  what if it's generic mark that is the key is I think that is the mistake that the judge made is that he looked to the policy reasons and said this is the  reason why it can't become a trademark again. That's what I want you to understand. If it's generic they couldn't have abandoned it because they couldn't have had it to begin with. It could change. BMC could have abandoned it and it became generic. It could be different now than it was in the  of the trial. It is still a mark. It has to be a mark. If it's generic  be trademarked. Two other points I want to make in response to my worthy adversary's comments. Number one, at the beginning of the trial, the judge even says the only issue here is priority. At that point, let me go back. The trial was thought to decide which of you owned the trademark. There was a trademark and it belonged to one of you. Your problem now is judge Novak has ruled this       claim the trademark. You can't claim the trademark. You can't claim the trademark. You can't claim the trademark. That's the reason you have to be on the same side saying that judge Novak is wrong. That is not where I'm back anymore. Judge Novak picked the third point. Before it was a trial, you thought it would go one of two ways and it went the third way. That is true. But the idea that now the judge has to decide on distinctiveness and have a new trial, that's not correct. The premise right before Mr. Racine testified, the testimony which only lasts          for  few  I            Mr. Novak. Mr. Novak. Mr. Novak. Mr. Novak. Mr. Novak. Mr. Novak. Mr. Novak. Mr. Novak.     Mr. Novak. Mr. Novak. Mr. Novak. Mr. Novak. Yes.
judges: Robert B. King, Julius N. Richardson, Gina M. Groh